UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | Case No. 20-02770 |
|---|---|
| Marion Moore Jr, | Chapter 13 |
| Debtor. | Honorable A. Benjamin Goldgar |

### NOTICE OF MOTION

TO:   See attached Service List

PLEASE TAKE NOTICE that on August 18, 2020, at 9:30 AM, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the motion of HomeBridge Financial Services, Inc for Relief from the Automatic Stay, a copy of which is attached.

**This motion will be presented and heard telephonically.**  No personal appearance in court is necessary or permitted.  To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC.  You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) businesses days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

HomeBridge Financial Services, Inc,

By:  ___/s/ Amanda J. Wiese___
Amanda J. Wiese
One of its attorneys

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754

## **CERTIFICATE OF SERVICE**

I, Amanda J. Wiese, certify under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown or by the method indicated on the list on August 7, 2020, at 5:00 p.m.

                                                                                       */s/ Amanda J. Wiese*
                                                                                           Amanda J. Wiese

## SERVICE LIST

**Service by Mail:**

Marion Moore Jr
70 W Main St
Chicago Heights, Illinois 60411

**Service by Electronic Notice through ECF:**

David M Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

Marilyn O. Marshall
224 S. Michigan, Suite 800
Chicago, IL 60604

Patrick S. Layng
United States Trustee (Region 11)
219 S. Dearborn Street Room 873
Chicago, IL 60604

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | Case No. 20-02770 |
|---|---|
| Marion Moore Jr, | Chapter 13 |
| Debtor. | Honorable A. Benjamin Goldgar |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES HomeBridge Financial Services, Inc ("Movant"), by and through its attorneys, Heavner, Beyers & Mihlar, LLC, and hereby moves this Court for an entry of an order for relief from the automatic stay, pursuant to 11 U.S.C. §362, with respect to certain real property of the Debtor having an address of 70 W Main St, Chicago Heights, Illinois 60411 ("Property"). The Required Statement is attached hereto as Exhibit "A", in accordance with Local Rule 4001-1. In further support of this Motion, Movant respectfully states:

1. Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code on January 31, 2020.

2. The Debtor has executed and delivered or is otherwise obligated with respect to a Note in the original principal amount of $75,000.00 ("Note"). Movant is an entity entitled to enforce the Note.

3. Movant is a secured creditor by virtue of a Note secured by a Mortgage on the Property commonly known as 70 W Main St, Chicago Heights, Illinois 60411.

4. Said Mortgage was recorded on June 11, 2018, in the Recorder's Office of Cook County, Illinois, as Document Number 1816208057 ("Mortgage"). A copy of the Note and Mortgage are attached hereto and made a part hereof as Exhibit "B" and Exhibit "C", respectively.

5. The Debtor is the owner or occupant of said Property and said Property was included in the Debtor's Bankruptcy Petition. Said Property is the Debtor's principal residence.

6.      Marilyn O. Marshall is the Trustee duly appointed by law.

7.      As of July 7, 2020, the outstanding amount of the Debtor's obligation under the Note is $93,686.71.

8.      In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred attorneys' fees of $850.00 and costs of $181.00.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9.      The estimated market value of the property is $77,000.00.  The basis for such valuation is the Debtor's Schedules.

10.     Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $93,686.71.

11.     Pursuant to 11 U.S.C. §362(d), cause exists to grant Movant relief from the automatic stay for the following reasons:

A.      Movant's interest in the Property is not adequately protected as there is a continuing daily increase in the total amount outstanding and chargeable against said Property for interest and costs due under the Note and Mortgage.

B.      Post-petition mortgage payments due on the Note secured by a Mortgage on the Property have not been made to Movant.

C.      The Debtor is past due for the March 1, 2020 post-petition payment and all amounts coming due since that date.  The following chart sets forth the number and amount of post-petition payments due pursuant to the Note and Mortgage that have been missed by the Debtor.  A copy of the post-petition payment history is attached hereto and made a part hereof as Exhibit "D".

| Number of Delinquent Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 5 | 3/1/20 | 7/1/20 | $850.60 | $4,253.00 |
| **Less postpetition partial payments:** | | | | ($471.38) |

*Total: $3,781.62*

12. Pursuant to 11 U.S.C. §362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this court enter an order terminating or modifying the automatic stay and granting the following:

1. Relief from the Stay allowing Movant, its successors and assignees, to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

3. The 14 day stay described by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

4. For such other relief as the court deems proper.

HomeBridge Financial Services, Inc,

By:     */s/ Amanda J. Wiese*
    Amanda J. Wiese
    One of its attorneys

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com Telephone: (217) 422-1719
Facsimile: (217) 422-1754

**This advice pertains to your dealings with our firm as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the motion. The advice in this notice also does affect our relations with the court. As attorneys, we may file papers in the suit according to the court's rules and the judge's instructions.**

### NOTICE PURSUANT TO THE FAIR DEBT COLLECTION

### PRACTICES ACT

### 15 U.S.C. Section 1601 as Amended

1. The amount of the debt is stated in the motion attached hereto.

2. The movant named in the attached motion is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

3. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid.

4. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt and mail you a copy of such verification.

5. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

6. Nothing in this notice should be construed as an agreement by the movant to extend or stay any time periods established by law with respect to the litigation, which is the subject of the attached motion.

7. Written requests should be addressed to Heavner, Beyers & Mihlar, LLC, 111 East Main Street, Decatur, IL 62523.

8. Please be advised that this is an attempt to collect a debt. Any information obtained will be used for that purpose.